**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

SAMANTHA DEJESUS,

                Plaintiff,

    -against-                        7:23-cv-00806 (VLB)

BON SECOURS COMMUNITY HOSPITAL
and LYN WESSELS,

                Defendants.

------------------------------------------------------------------x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMEMDED COMPLAINT

 

Jackson Lewis P.C.
Attorneys for Defendant
666 Third Ave, Suite 29
New York, New York 10017
*Daniel D. Schudroff*
*Shevonne S. Greene*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

POINT I

THE OPPOSITION'S RELIANCE ON THE "MOSAIC" THEORY TO SUPPORT HER SHRL DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT CLAIMS IS MISGUIDED AND SHOULD BE DISREGARDED ............................................................. 2

POINT II

PLAINTIFF'S SHRL FAILURE TO ACCOMMODATE CLAIMS ARE MERITLESS ......... 5

POINT III

PLAINTIFF'S NYEPA DISCRIMINATION CLAIMS SHOULD BE DISMISSED ............... 6

POINT IV

PLAINTIFF'S RETALIATION CLAIMS SHOULD BE DISMISSED. .................................. 7

POINT V

PLAINTIFF'S FMLA INTERFERENCE CLAIM SHOULD BE DISMISSED ....................... 9

CONCLUSION............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Boonmalert v. City of New York,
    721 F. App'x 29 (2d Cir. 2018) ..................................................................................5

Buon v. Spindler,
    65 F4th. 64 (2d Cir. 2023) .........................................................................................3

Freud v. N.Y.C. Dep't of Educ.,
    No. 21-cv-2281 (MKV), 2022 U.S Dist. LEXIS 54353 (S.D.N.Y. Mar. 25,
    2022) ..........................................................................................................................4

Fukelman v. Delta Air Lines, Inc.,
    No. 18-CV-2 (PKC), 2020 U.S. Dist. LEXIS 66410 (E.D.N.Y. Apr. 13, 2020)
    (report and recommendation adopted 2020 U.S. Dist. LEXIS 94455) .......................9

Gallagher v. Delaney,
    139 F.3d 338 (2d Cir. 1998) .......................................................................................3

Gong v. City of N.Y.,
    846 Fed. Appx. 6 (2d Cir. 2021) .................................................................................3

Holland v. City of New York, DoITT,
    No. 10 Civ. 2525 (PKC) (RLE), 2011 U.S. Dist. LEXIS 144941 (S.D.N.Y.
    Dec. 15, 2011) ............................................................................................................7

Pease v. City of New York,
    19-cv-7693, 2021 U.S. Dist. LEXIS 120030 (S.D.N.Y. Jun. 28, 2021) ....................3

Reyes v. Westchester Cty. Health Care Corp.,
    21-0410, 2021 U.S. App. LEXIS 31915 (2d Cir. Oct. 25, 2021) ..............................5

Richards v. City of New York,
    No. 19-cv-10697 (MKV), 2021 U.S. Dist. LEXIS 185647 (S.D.N.Y. Sept. 28,
    2021) ..........................................................................................................................7

Rizzo v. Health Research, Inc.,
    2016 U.S. Dist. LEXIS 18707 (N.D.N.Y. 2016) ......................................................10

Rose v. Goldman, Sachs & Co.,
    163 F. Supp. 2d 238 (S.D.N.Y. 2001) ........................................................................6

Smith v. Westchester Cty.,
    769 F. Supp.2d 448 (S.D.N.Y. 2011) .......................................................................10

Thomsen v. Stantec, Inc.,
   785 F. Supp. 2d 20 (W.D.N.Y. 2011) .............................................................................9

Woods v. START Treatment & Recovery Ctrs. Inc.,
   864 F.3d 158 (2d Cir. 2017) ...........................................................................................9

**Statutes and Other Authorities**

New York Labor Law 194 ......................................................................................................5

29 C.F.R. 825.302(c) ............................................................................................................10

Equal Employment Opportunity Commission's "Technical Assistance Questions
   and Answers" ...............................................................................................................5

**PRELIMINARY STATEMENT**

Defendants Bon Secours Community Hospital ("BSCH") and Lyn Wessels (collectively, "Defendants") submit this Reply Memorandum of Law in Further Support of Their Motion to Dismiss ("Motion") Plaintiff Samantha DeJesus' ("Plaintiff") Amended Complaint in its entirety, with prejudice, pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6). Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl. Opp." or the "Opposition") provides no basis for this Court to deny the Motion.[1]

The thrust of Plaintiff's Opposition is to baselessly argue she need not plead actual actionable adverse employment actions in order for her meritless discrimination and retaliation claims to survive dismissal. Instead, relying upon inapposite authority where plaintiffs endured much more serious, albeit non-actionable, actions supporting an inference of discrimination or retaliatory animus than Plaintiff does here, she asserts that she must simply paint a mosaic of trivial slights to meet her initial minimal pleading burden. That is not the law.

First, Plaintiff's New York State Human Rights Law ("SHRL") gender, pregnancy, and disability discrimination claims must be dismissed because the individually-alleged acts of discrimination are so minimal that, even considered as a mosaic, they cannot support an inference of discrimination. The allegations likewise do not support that Plaintiff was improperly denied a reasonable accommodation because of her pregnancy or purported disability, or that she was subjected to a hostile work environment due to her gender, pregnancy, or purported disability.

Second, Plaintiff's New York Equal Pay Act ("NYEPA") claim cannot withstand dismissal because females purportedly performing the same work as her actually earned *more* than

---

[1] Plaintiff has clarified that she is not pursuing New York City Human Rights Law Claims, which should be dismissed. See Pl. Opp. at 23 n. 6.

she did. Moreover, Plaintiff provides only conclusory assertions that non-Hispanic or non-pregnant employees earned more than her because of her race or pregnancy, fatally flawing those claims.

<u>Third</u>, Plaintiff's Opposition fails to cure any defects with Plaintiff's SHRL, NYEPA, or Family and Medical Leave Act ("FMLA") retaliation claims. Specifically, the Opposition does not bolster Plaintiff's failure to adequately allege she engaged in any protected activity or that there was any causal connection between the alleged protected activity and her termination or any other perceived slight she endured. Even applying a mosaic theory, the retaliation claims still summarily fail.

<u>Fourth</u>, Plaintiff's FMLA interference claim must be dismissed because it is frivolous. Plaintiff's Opposition echoes the Amended Complaint's speculative contention that Plaintiff *may* have resorted to take FMLA leave at some unspecified date and time. However, Defendants did not interfere with Plaintiff's FMLA entitlement or take any action against her because she *might* have taken FMLA leave at some unknown point in the future.

For these reasons, Defendants respectfully request that the Court grant their motion to dismiss the Amended Complaint in its entirety, with prejudice.

## ARGUMENT

### POINT I

**THE OPPOSITION'S RELIANCE ON THE "MOSAIC" THEORY TO SUPPORT HER SHRL DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT CLAIMS IS MISGUIDED AND SHOULD BE DISREGARDED**

In a futile attempt to evade dismissal, Plaintiff's Opposition contends that she need not plead she suffered actionable adverse employment actions. Instead, in Plaintiff's incorrect view, her Amended Complaint may survive dismissal based on a mosaic of non-actionable events which purportedly serve to demonstrate an inference of discrimination. However, the United States

Court of Appeals for the Second Circuit does not permit the "mosaic" theory to succeed in all cases, especially where, as here, the allegations are so conclusory and only assert trivial slights. For example, in Gong v. City of N.Y., 846 Fed. Appx. 6, 8 (2d Cir. 2021), the court affirmed the district court's decision granting the defendant's motion to dismiss, finding the plaintiff failed to explain how any of the perceived slights related to the plaintiff's race or national origin. Even those "allegations that [did relate to plaintiff's] race or national origin—for example, [plaintiff's] course assignments, being replaced on a search committee, being directed to hold evening office hours, and the faculty meeting—are not connected to her removal from the graduate advisor and fellowship coordinator positions and fail to 'provide a contextual basis for inferring discrimination' for that decision." Id. (citations omitted). See also Pease v. City of New York, 19-cv-7693, 2021 U.S. Dist. LEXIS 120030, at *36 (S.D.N.Y. Jun. 28, 2021) (noting conclusory musings were insufficient to establish mosaic of facts to support a plausible inference of discrimination).

Moreover, in the two cases Plaintiff's Opposition relies upon, Buon v. Spindler, 65 F4th. 64, 84 (2d Cir. 2023) and Gallagher v. Delaney, 139 F.3d 338, 342 (2d Cir. 1998), the non-actionable slights forming the "mosaic" were much more severe than what Plaintiff asserts in this case and supported an actual inference of discrimination. For example, in Buon, the individual allegations that the Court found supported an inference of discrimination were specific, non-conclusory and non-speculative. The Buon plaintiff alleged inter alia, that, unlike non-African American/West Indian employees, she was assigned specific more onerous tasks and subjected to discipline, negative performance reviews, and other forms of criticism. See id. at 84.

Even assuming the "mosaic" theory is applicable in this case, the severity of Plaintiff's allegations do not come close to surviving dismissal. Here, Plaintiff's Opposition

3

parrots conclusory assertions derived from the Amended Complaint of supposed mistreatment, including: (1) her coworkers ostracized her during her first pregnancy; (2) multiple employees were hostile to her because they believed her leave would affect their work schedule; (3) a co-worker turned her back on her, supposedly making it more difficult for Plaintiff to complete her job tasks; (4) that same co-worker received unspecified praise while Plaintiff did not; (5) she was reprimanded for infractions while others were not. (Opposition, at 13-14). The same is true for other allegations referenced in the Amended Complaint, including that Wessels: (1) replied "OK" to learning Plaintiff was pregnant (Amended Complaint ¶¶ 21, 105); (2) said, during a December 2019 meeting with Plaintiff, that Wessels was worried Plaintiff would "abuse" her time off (Id. ¶ 42); and (3) said "you don't need more money since you can afford to take your children to the water park" in May 2020 (Id. ¶ 68). Even in the aggregate, these non-events are insufficient to establish an inference of discrimination.

        Plaintiff likewise does not link these affronts to her membership in any protected classification. As a result, even presuming a "mosaic" theory applies, Plaintiff's individual allegations are far too petty, slight, vague and conclusory for the Court to conclude she has satisfactorily pled an inference of discrimination in this case.

        Similarly, as to Plaintiff's hostile work environment claims, the mosaic theory is likewise unhelpful. Her failure to establish an inference of discrimination as set forth above is equally fatal to her hostile work environment claims predicated upon petty slights and trivial inconveniences. See Freud v. N.Y.C. Dep't of Educ., No. 21-cv-2281 (MKV), 2022 U.S Dist. LEXIS 54353, at *31-33 (S.D.N.Y. Mar. 25, 2022). Therefore, these claims should be dismissed as well.

## POINT II

## PLAINTIFF'S SHRL FAILURE TO ACCOMMODATE CLAIMS ARE MERITLESS

Plaintiff's Opposition likewise fails to cure her SHRL failure to accommodate claims. First, Plaintiff does not, and cannot, establish she had a disability, triggering an accommodation duty. Plaintiff's Amended Complaint and Opposition both acknowledge she did not test positive for COVID-19. But, even if she had, COVID-19 is not, in of itself, a disability under the Americans with Disabilities Act (and, derivatively under the SHRL). As the Equal Employment Opportunity Commission's "Technical Assistance Questions and Answers" explains:

> A person infected with the virus causing COVID-19 who is asymptomatic or a person whose COVID-19 results in mild symptoms similar to those of the common cold or flu that resolve in a matter of weeks—with no other consequences—will not have an actual disability within the meaning of the ADA.[2]

Thus, if COVID-19 is not a disability, quarantining *because of the possibility* a person *may* have COVID-19 likewise does not constitute a disability requiring an accommodation, thereby squarely defeating Plaintiff's disability-related failure to accommodate claim. Her termination was valid.

Second, Plaintiff's pregnancy accommodation claim cannot withstand dismissal because she does not satisfactorily assert any other similarly-situated employees were able to work remotely at the time she claimed she was entitled to an accommodation, squarely defeating this claim. See Reyes v. Westchester Cty. Health Care Corp., 21-0410, 2021 U.S. App. LEXIS 31915 (2d Cir. Oct. 25, 2021). Because Plaintiff was not entitled to any accommodation in January 2021, she cannot assert a cognizable cause of action that her termination was unlawful. Accordingly, all of Plaintiff's discrimination claims should be dismissed.[3]

---

[2] https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws

[3] Plaintiff's Opposition fails to revive her defective claims against Wessels. Plaintiff has failed to plausibly allege an underlying violation of the SHRL. See, e.g., Boonmalert v. City of New York, 721 F. App'x 29, 34 (2d Cir. 2018)

## POINT III

## PLAINTIFF'S NYEPA DISCRIMINATION CLAIMS SHOULD BE DISMISSED

Plaintiff's Opposition likewise does not save her meritless NYEPA claims. She acknowledges that other females received *higher* wage rates than her, squarely defeating this cause of action. Plaintiff's Opposition relies on conclusory allegations that "as to her male colleague, Specialist Doe, Plaintiff alleges that he had "the same experience and background in the field as Plaintiff" (Amended Complaint ¶ 16) and that "Specialist Paganetti . . . performed the same functions and job duties as Plaintiff during Plaintiff's employment with Defendants. . . . "Team Leader Bullock also performed largely the same functions and job duties during Plaintiff's employment with Defendants." See Pl. Opp. at 16. Plaintiff likewise does not plead any inference of discrimination with respect to her contention that non-Hispanic or non-pregnant employees performed equal work to her, but were paid more. As discussed in Defendants' moving papers, such conclusory allegations are not entitled to the presumption of truth on a motion to dismiss. See, e.g., Rose v. Goldman, Sachs & Co., 163 F. Supp. 2d 238, 243 (S.D.N.Y. 2001) ("Even at the motion to dismiss stage, vague, conclusory, and speculative allegations will not save an Equal Pay Act claim."). Parroting the elements of a cause of action is insufficient to state a cause of action.

Finally, Plaintiff cannot rely upon her pregnancy as a basis to support an NYEPA claim. The statute contains an enumerated list of protected classifications which does not include pregnancy. See NEW YORK LABOR LAW 194(2). Even if the NYEPA did recognize pregnancy as a protected classification, Plaintiff's claim still fails because her purported complaint happened after her first child was born, meaning she was no longer pregnant. (Amended Complaint ¶ 69).

---

("Since there is no underlying NYSHRL or NYCHRL violation, there was no aiding or abetting of acts forbidden by the NYSHRL and NYCHRL.") (citation omitted).

## POINT IV

## PLAINTIFF'S RETALIATION CLAIMS SHOULD BE DISMISSED.

Plaintiff's retaliation claims under the SHRL, NYEPA, FMLA and against Wessels are all insufficiently pled and must be dismissed. Plaintiff argues that her SHRL retaliation claims are viable because they are "built on a mosaic of incidents, culminating with Plaintiff's discriminatory and retaliatory firing" and that "Defendants' actions enumerated here make no logical sense outside of a discriminatory or retaliatory motive." See Pl. Opp. at 17. Plaintiff cites to the three following instances to support her claim of retaliation: (1) "after Plaintiff engaged in protected activity by complaining about unequal pay because of her gender and her pregnancy status, Defendant Wessels engaged in a gratuitous campaign of petty, gratuitous "write-ups;" (2) "Defendant Wessels [had a] disparate and punitive disposition of Plaintiff's request for ordinary time off;" and (3) "after returning from six days of intermittent pregnancy leave, Plaintiff requested an additional day of paid time off. Defendant Wessels denied the request." See Pl. Opp. at 17-18.

"A protected activity is an activity taken in good faith to protest or oppose practice under any of the relevant anti-discrimination statutes. The protected activity must put the employer 'on notice' of the aggrieved employee's claims of discrimination." Holland v. City of New York, DoITT, No. 10 Civ. 2525 (PKC) (RLE), 2011 U.S. Dist. LEXIS 144941, at *25 (S.D.N.Y. Dec. 15, 2011); see Richards v. City of New York, No. 19-cv-10697 (MKV), 2021 U.S. Dist. LEXIS 185647, at *21-22 (S.D.N.Y. Sept. 28, 2021) ("An employee engages in protected activity when he opposes employment practices prohibited under Title VII or the NYSHRL, i.e., discrimination based on a protected characteristic.") (citation omitted).

Here, Plaintiff's SHRL and NYEPA retaliation claims still fail because she does not and cannot assert that she took any action qualifying as "opposing" discrimination, including

7

her purported request for a reasonable accommodation to which she was not entitled, described supra. Plaintiff conveniently attempts to contort the facts to now argue that her purported complaint regarding unequal pay was somehow in protest of discrimination. But that is not what the Amended Complaint asserts. Rather, the Amended Complaint alleges "Plaintiff and Specialist Doe complained to Defendant Wessels about being underpaid compared to their coworkers for doing the same work." (Amended Complaint ¶ 65). It does not plead she complained about being underpaid because of her membership in any protected classification. Contrary to Plaintiff's wild assertion, Defendants are not promulgating any rule concerning what qualifies as protected activity. Instead, the authority referenced above demonstrates that Plaintiff's allegations do not qualify as protected activity.

Even if Plaintiff could establish she engaged in protected activity, which she cannot, Plaintiff still fails to show that there was any causal connection between the alleged protected activity and any adverse action (including her termination) she later suffered. The mosaic theory Plaintiff desperately attempts to rely upon in connection with her discrimination claims is equally inapplicable in this regard.

Plaintiff's FMLA retaliation claims related to her not receiving a day off from work for July 4, 2020 and one day of PTO in August 2020 are time-barred. Furthermore, Plaintiff's Opposition does not advance any contention that there is a causal connection between her FMLA usage in connection with her first pregnancy and any ensuing adverse actions she suffered, including her termination. Unremarkably and boldly, the Opposition states "Defendants actively retaliated against Plaintiff when she was using intermittent leave." (Pl. Opp., at 23). This conclusory statement falls far short of the pleading requirements to sustain a claim of FMLA retaliation. Plaintiff must allege that the exercise of FMLA rights was a "motivating factor" in the

adverse employment action and she has failed to do so. See Woods v. START Treatment & Recovery Ctrs., Inc., 864 F.3d 158, 166 (2d Cir. 2017).

# POINT V

# PLAINTIFF'S FMLA INTERFERENCE CLAIM SHOULD BE DISMISSED

Plaintiff argues that she has properly pled an FMLA interference claim based on the following meritless contentions: (1) Defendants failed to notify her of her rights; (2) she suffered mistreatment while using intermittent FMLA upon her return from her first pregnancy; and (3) Defendants somehow discouraged Plaintiff from using FMLA leave at the time she announced her second pregnancy. See Pl. Opp. at 23.

Plaintiff does not, and cannot, assert Defendants denied or otherwise interfered with her use of FMLA leave following the birth of her first child. Therefore, this set of events cannot form the basis of a cognizable cause of action. See Fukelman v. Delta Air Lines, Inc., No. 18-CV-2 (PKC), 2020 U.S. Dist. LEXIS 66410, at *56 (E.D.N.Y. Apr. 13, 2020) (report and recommendation adopted 2020 U.S. Dist. LEXIS 94455) (FMLA interference claim dismissed because, "although [plaintiff] alleges that [defendant] harassed him about using his FMLA leave, there are no allegations that he was ever prevented from using it."). Further, Plaintiff argues that Defendants interfered with her FMLA leave because "Defendants knew that Plaintiff was going to take FMLA leave, had already openly expressed they did not like Plaintiff taking her previous FMLA leave, and terminated her employment just over two-weeks from the date they found out she would need FMLA leave." See Pl. Opp. at 21. These arguments are speculative as the Amended Complaint does not plead that she sought to take FMLA leave or that such leave was denied. See Thomsen v. Stantec, Inc., 785 F. Supp. 2d 20, 24 (W.D.N.Y. 2011) (dismissing FMLA interference claim, finding plaintiff's allegation that defendant "terminated his employment in order to prevent

9

him from taking as-yet-unrequested FMLA leaves in the future does not state a claim for interference with the taking of FMLA leave."). Here, Plaintiff did not specify when she intended to take FMLA leave, making it impossible for Defendants to have possibility interfered with her attempt to do so). See 29 C.F.R. 825.302(c) (noting the requirement that individual advise employer of "anticipated timing and duration of leave."). Plaintiff simply advising Defendants that she was pregnant does not satisfy the requirement of putting them on notice of her intent to seek FMLA leave.[4] Plaintiff's FMLA interference claims must be dismissed in their entirety.[5]

## CONCLUSION

For the foregoing reasons, as well as those set forth in their moving papers, the Court should grant Defendants' motion to dismiss the Amended Complaint in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated: June 23, 2023　　　　　　　　　By:　/s/ Daniel D. Schudroff
　　　New York, New York　　　　　　　　　　Daniel D. Schudroff, Esq.
　　　　　　　　　　　　　　　　　　　　　　Shevonne S. Greene, Esq.
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

4880-3637-5402, v. 4

---

[4] Plaintiff's Opposition alludes to the fact that she may have been entitled to FMLA leave shortly before her termination. However, she cites to no authority that quarantining for COVID-19 qualifies as a "serious health condition."

[5] Even considering Plaintiff's claims, they still do not amount to interference and at best may constitute a technical violation, which is still not actionable. Courts have held that where there is no harm, purported technical violations do not support a FMLA claim. See Rizzo v. Health Research, Inc., 2016 U.S. Dist. LEXIS 18707, at *57 (N.D.N.Y. 2016) (rejecting claim because plaintiff received all leave to which she was entitled); Smith v. Westchester Cty., 769 F. Supp.2d 448, 468 (S.D.N.Y. 2011) ("technical violations" without resulting harm do not state FMLA interference claims).