```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SAMANTHA DEJESUS,                                              :
                        Plaintiff,                             :
                                                               :   MEMORANDUM OPINION
v.                                                             :   AND ORDER
                                                               :
                                                               :   23 CV 806 (VB)
BON SECOURS COMMUNITY HOSPITAL                                 :
and LYN WESSELS,                                               :
                        Defendants.                            :
--------------------------------------------------------------x
```

Briccetti, J.:

Before the Court is plaintiff's motion for reconsideration (Doc. #39) of the Court's Opinion and Order dated February 12, 2024 (Doc. #32 ("MTD Opinion")), in which the Court granted in part and denied in part defendants' motion to dismiss the amended complaint.

For the reasons set forth below, the motion for reconsideration is DENIED.

The parties' familiarity with the factual and procedural background of this case is presumed.

**DISCUSSION**

I.  Legal Standard

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).[1] Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

1

CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Local Civil Rule 6.3.  The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided."  Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."  Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000).  Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court."  Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995) (citing Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)) (discussing an earlier version of Local Civil Rule 6.3).  This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  In re Platinum-Beechwood Litig., 2019 WL 3759171, at *2 (S.D.N.Y. July 23, 2019).

II.  Analysis

Plaintiff seeks reconsideration of only one issue:  the Court's dismissal of her pregnancy discrimination claim under the New York State Human Rights Law ("NYSHRL").[2]  Plaintiff argues "[t]he Court overlooked Plaintiff's employment being terminated when she was pregnant in its analysis of whether Plaintiff suffered an adverse action" based on her pregnancy.  (Doc. #39-1 ("Pl. Mem") at ECF 3).[3]

---

[2]  Plaintiff only argues the Court overlooked factual matters in the context of her NYSHRL pregnancy discrimination claim based on disparate treatment and does not challenge the Court's conclusions on her alleged hostile work environment and failure to accommodate theories.

[3]  "ECF__" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

The Court is not persuaded.

To state an employment discrimination claim under the NYSHRL, at the pleading stage, plaintiff must plausibly allege: (i) "the employer took adverse action against [her]" and (ii) her status in a protected class "was a motivating factor in the employment decision." Farmer v. Shake Shack Enters., LLC, 473 F. Supp. 3d 309, 324 (S.D.N.Y. 2020). To plausibly allege her pregnancy was a motivating factor in her termination, plaintiff must plead either direct evidence of retaliatory animus or "circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct." Gordon v. N.Y.C. Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000).

Here, plaintiff put forth no allegations that suggest Specialist Paganetti was "engaged in similar conduct" to plaintiff but received different treatment. Namely, plaintiff does not allege Specialist Paganetti failed to report to work for several days after her supervisor and human resources representatives confirmed she was required to come into the office but was not terminated. (See Doc. #19 ("Am. Compl.") ¶¶ 118, 124–25). In other words, plaintiff alleges no facts that would allow the Court to infer a disparate treatment pregnancy discrimination claim based on plaintiff's termination.[4] Regarding her termination, plaintiff only alleges, in conclusory terms, that "[o]n information and belief, Defendants pre-textually terminated Plaintiff because of her pregnancy" and defendants subjected her to "discriminatory termination . . . on the basis of

---

[4] Moreover, defendants' motion to dismiss specifically argued none of plaintiff's coworkers "is alleged to have engaged in conduct of comparable seriousness to Plaintiff but not terminated. Plaintiff refused to come into work for an entire week and was terminated. . . . Plaintiff does not claim that other employees outside of her protected classes engaged in similar misconduct but were not terminated." (Doc. #25 at 12). Plaintiff did not address this argument in her opposition. (See Doc. #30 at 12–15). As such, plaintiff had the opportunity fully to brief this issue, and "arguments not previously presented to the court" are inappropriate in a motion for reconsideration. See Randell v. United States, 64 F.3d at 109.

3


her sex and pregnancy." (Id. ¶¶ 132, 145). In the absence of particularized facts supporting these allegations, plaintiff cannot adequately plead a claim.

Plaintiff contends "[t]he Court actually decided this issue in favor of Plaintiff" because it found, in the context of her FMLA retaliation claim, the "history of animosity" detailed in the amended complaint "support[s] an inference that discrimination was a motivating factor in her termination." (Pl. Mem. at ECF 4 (citing MTD Opinion at 9)). But plaintiff's argument depends on taking the Court's analysis of her FMLA retaliation claim out of context. The bulk of the Court's causation analysis focused on the brief temporal proximity between plaintiff's second pregnancy announcement, i.e., her notice to defendants that she would need additional FMLA leave, and her termination. The Court also noted the alleged animosity "began with plaintiff's first pregnancy announcement," which supported an inference that retaliatory intent was a motivating factor "after announcing her second pregnancy." (Id. (emphasis added)). Plaintiff is correct the Court concluded she plausibly alleged that her providing notice of her need for FMLA leave for her second pregnancy was a motivating factor in her termination. However, it does not necessarily follow that plaintiff plausibly alleged her termination constituted disparate treatment motivated by discriminatory animus based on her status as a pregnant person under the NYSHRL.

Having carefully reviewed the MTD Opinion and plaintiff's motion, the Court concludes it did not overlook any facts that might have altered the conclusions reached on plaintiff's NYSHRL pregnancy discrimination claim.

**CONCLUSION**

The motion for reconsideration is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #39).

The initial pretrial conference is rescheduled for May 7, 2024, at 10:00 a.m. Counsel shall submit their proposed civil case discovery plan and scheduling order by April 30, 2024. (See Doc. #33).

Dated: April 5, 2024
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge